IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


DARRELL W. WAGGONER                                          PLAINTIFF

         v.                                 CIVIL NO. 13-3055

CAROLYN W. COLVIN, Commissioner
Social Security Administration                              DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Darrell W. Waggoner, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed his current applications for DIB and SSI on October 13, 2009,

alleging an inability to work since August 28, 2009, due to seizures, epilepsy, parkinsons,

depression, memory loss, and hypoglycemia.  (Tr. 141, 145, 193).  For DIB purposes, Plaintiff

maintained insured status through June 30, 2010.  (Tr. 10, 153).  An administrative hearing was

held on February 7, 2012, at which Plaintiff after being informed of his right to representation,

testified without the assistance of a representative. (Tr. 24-71).

By written decision dated June 29, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis and degenerative disc disease of the lumbar spine and hips; a seizure disorder; borderline intellectual functioning; an adjustment disorder; a major depressive disorder; posttraumatic stress disorder; and a personality disorder.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 12).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  He can only occasionally climb ramps and stairs.  He can never climb ladders, ropes or scaffold.  He can only occasionally perform balancing, stooping, kneeling, crouching, and crawling.  He must avoid all exposure to hazards, including no driving as part of work.  He can perform work where the complexity of tasks is learned and performed by rote with a few variables and little use of judgment.  He can perform work where supervision required is simple, direct and concrete.

(Tr. 14).  With the help of a vocational expert, the ALJ determined Plaintiff could perform his part relevant work as a compression molding machine tender and a housekeeper/cleaner.  (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 28, 2013.  (Tr. 1-3).  Subsequently, Plaintiff filed this action.  (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

-3-

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issue on appeal: 1) the ALJ erred in determining that Plaintiff did not meet Listing 11.02; and 2) the ALJ erred in determining Plaintiff's RFC.

**A.   Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2010. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether

-4-

Plaintiff was disabled during the relevant time period of August 28, 2009, his alleged onset date of disability, through June 30, 2010, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.     Listing 11.02:**

Plaintiff argues that the ALJ erred in not explicitly discussing Listing 11.02, nonconvulsive epilepsy, when determining that Plaintiff did not have an impairment that met or equaled a Listing of Impairments pursuant to 20 CFR Part 404, Subpart P, Appendix 1.  The Commissioner argues that the ALJ stated that he reviewed all of the evidence and found that none of Plaintiff's impairments met a listing and that the ALJ's failure to specifically cite Listing 11.02 was not reversible error.

While it is preferable to have an ALJ state explicitly why a claimant failed to meet a listing, the conclusion must be upheld if the record supports it. Garrett ex rel. Moore v.. Barnhart, 366 F.3d 643, 649 (8th Cir.2004) (internal citations omitted).  The burden of proof is on the Plaintiff to establish that his impairment meets or equals a listing. See Sullivan v. Zebley, 493

-5-

U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. <u>Id</u>. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); <u>Johnson v. Barnhart</u>, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); <u>Sullivan</u>, 493 U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment").

The Court finds, based upon the record as a whole, as well as the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  The Court would note that the medical evidence reflects that Plaintiff's seizures were controlled when he took his medication as prescribed.  After reviewing the entire evidence of record, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff did not meet a Listing.

   **C.     RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. <u>Id</u>.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  <u>Guilliams v. Barnhart</u>, 393 F.3d 798, 801 (8th Cir. 2005); <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." <u>Lauer v. Apfel</u>, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

AO72A
(Rev. 8/82)

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, as well as the opinions of Plaintiff's case manager and a nurse from a shelter where Plaintiff resided in April of 2010.  The Court notes that the medical evidence indicated that Plaintiff was blind in his right eye. (Tr. 878).  However, Plaintiff failed to include a vision impairment in his alleged impairments, and does not appear to report having difficulty with performing normal activities of daily living due to his right eye blindness. In addition, in March of 2012, the consultative examiner did not place any visual restrictions on Plaintiff's ability to work.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

**D.    Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to

-7-

support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  In a Function Report dated February 9, 2010, Plaintiff indicated that he was able to spend three hours a day in class at a men's shelter, and to then read and play cards. (Tr. 202-209). Plaintiff also indicated that he was able to take care of his personal needs, to walk and use public transportation, and to shop at the grocery store.  A review of the medical records revealed that Plaintiff attended group therapy in 2009, and was noted to interact well with others in the group, and to participate in the group exercises.  (Tr. 379, 382).  In June of 2010, Plaintiff reported that he was able to do household chores, prepare meals, and go to the grocery store without assistance. (851).  At that time, Plaintiff reported that he had friends and spent time visiting family; that he played pool, ping pong, cards, and basketball; and that he used weights.  In April of 2012, Plaintiff reported that he got along with others but only socialized with his family. (Tr. 889).  Plaintiff reported that he took care of his personal needs and performed household chores, but noted that his family did most of the shopping.

Therefore, although it is clear that Plaintiff suffers with some degree of pain, he has not established that he is unable to engage in any gainful activity.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not

-8-

mandate a finding of disability).  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### E.    Past Relevant Work:

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work.  Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991).  Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work.  Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*

> 2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work.  See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a

severe impairment has the residual functional capacity to do past relevant work or other work")

(citations omitted).  Accordingly, the ALJ properly concluded Plaintiff could perform his past

relevant work as a compression molding machine tender and a housekeeper/cleaner.

**IV.** **Conclusion:**

   Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be

dismissed with prejudice.

   DATED this 16th day of June, 2014.


        /s/ *Erin L. Setser*
        HON. ERIN L. SETSER
        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)